Wohlfort v. Wohlfort.

No. 25,819.

ANNA F. WOHLFORT, *Appellee*, v. AXEL T. WOHLFORT, *Appellant.*

SYLLABUS BY. THE COURT.

HUSBAND AND WIFE—*Separate Maintenance—Contempt.* Reversed on authority of *Wohlfort v. Wohlfort,* 116 Kan. 154, 225 Pac. 746.

Appeal from Republic district court; JOHN C. HOGIN, judge. Opinion filed April 11, 1925. Reversed.

*Park B. Pulsifer,* and *Clyde L. Short,* both of Concordia, for the appellant.
*H. H. Van Natta, W. D. Vance,* and *R. E. McTaggart,* all of Belleville, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: When this case was here before (116 Kan. 154, 225 Pac. 746) it was decided:

"In a suit for separate maintenance, the court made an order for the defendant to pay a specified sum for temporary alimony and suit money by a day certain. Upon a hearing for contempt for. nonpayment it was shown that defendant had property which, if sold, would bring enough, or nearly enough, to pay the sum due. Defendant offered to sell the property, or permit it to be sold, for that purpose. *Held,* it was error to commit him for contempt until the sum was paid. The property should have been sold, under order of the court if necessary, and the proceeds applied upon the sum due." (Syl. ¶ 2.)

Pending the former appeal there was a second citation for contempt at which a showing was made substantially as upon the hearing of the first citation, with the exception that some additional articles of farm machinery were named as owned by defendant. The defendant offered to sell his property or permit it to be sold and turn the money into court for the plaintiff. The court found the defendant guilty of contempt in not having made the payments due under the previous order up to the time of hearing, and sentenced him to be confined in the county jail for a term of one year and until the costs were paid. Had the former decision of the court been available to the trial court at the time of this sentence it is reasonable to presume that the order would not have been made.

The judgment is reversed with directions to set aside the order of commitment.